IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VEDA JOY, | Case No.: 8:10-cv-01754-DKC |
| Plaintiff | |
| v. | ZWICKER & ASSOCIATES, P.C.'S ANSWER TO THE COMPLAINT OF VEDA JOY |
| ZWICKER & ASSOCIATES, P.C., | |
| Defendant | |

Defendant Zwicker & Associates, P.C. ("Zwicker"), a Massachusetts law firm and professional corporation, hereby responds to the Complaint filed on behalf of the plaintiff, Veda Joy ("Joy"):

First Defense

Zwicker responds as follows to the individually-numbered paragraphs of the Complaint:

1. To the extent Zwicker is required to admit or deny the allegations contained in this paragraph, Zwicker denies them.

2. Zwicker admits that this Court has jurisdiction over this matter.

3. Zwicker admits that venue is proper in this district.

4. Zwicker admits the allegations contained in this paragraph.

5. Zwicker denies that it is a collection agency. Zwicker admits the remaining allegations contained in this paragraph. Further answering, Zwicker states that it is a law firm and professional corporation organized under the laws of the Commonwealth of

Massachusetts with a principal place of business at 80 Minuteman Road, Andover, MA 01810.

6. To the extent that the allegations contained in this paragraph are intended to allege violations of law or wrongdoing by Zwicker or its personnel, Zwicker denies the allegations.

7. To the extent that the allegations contained in this paragraph are intended to allege violations of law or wrongdoing by Zwicker or its personnel, Zwicker denies the allegations.

8. Zwicker admits the allegations contained in this paragraph.

9. Zwicker admits the allegations contained in this paragraph.

10. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that Joy's account was placed with Zwicker for collection by Zwicker's client, the original creditor.

11. Zwicker admits the allegations contained in this paragraph.

12. Zwicker denies the allegations contained in this paragraph.

13. Zwicker denies the allegations contained in this paragraph.

14. Zwicker denies the allegations contained in this paragraph.

15. Zwicker denies the allegations contained in this paragraph.

16. Zwicker denies the allegations contained in this paragraph.

17. Zwicker denies the allegations contained in this paragraph.

18. Zwicker denies the allegations contained in this paragraph.

19. Zwicker incorporates by reference its responses to paragraphs 1 through 18 above as if fully set forth herein.

20. Zwicker denies the allegations contained in this paragraph.

21. Zwicker denies the allegations contained in this paragraph.

22. Zwicker denies the allegations contained in this paragraph.

23. Zwicker denies the allegations contained in this paragraph.

24. Zwicker denies the allegations contained in this paragraph.

25. Zwicker denies the allegations contained in this paragraph.

26. Zwicker denies the allegations contained in this paragraph.

27. Zwicker denies the allegations contained in this paragraph.

28. Zwicker denies the allegations contained in this paragraph.

29. Zwicker denies the allegations contained in this paragraph.

30. Zwicker denies the allegations contained in this paragraph.

31. Zwicker denies the allegations contained in this paragraph.

32. Zwicker incorporates by reference its responses to paragraphs 1 through 31 above as if fully set forth herein.

33. Zwicker admits the allegations contained in this paragraph.

34. Zwicker admits the allegations contained in this paragraph.

35. Zwicker denies the allegations contained in this paragraph.

36. Zwicker denies the allegations contained in this paragraph.

37. Zwicker denies the allegations contained in this paragraph.

38. Zwicker incorporates by reference its responses to paragraphs 1 through 37 above as if fully set forth herein.

39. No response required.

40. Zwicker denies the allegations contained in this paragraph.

41. Zwicker denies the allegations contained in this paragraph.

42. Zwicker denies the allegations contained in this paragraph.

43. Zwicker denies the allegations contained in this paragraph.

44. Zwicker denies the allegations contained in this paragraph.

45. Zwicker incorporates by reference its responses to paragraphs 1 through 44 above as if fully set forth herein.

46. Zwicker admits the allegations contained in this paragraph.

47. Zwicker states that the statute cited sets forth legal rights and obligations of classes of persons identified in the statute, and that the language of the statute speaks for itself.

48. Zwicker states that the statute cited sets forth legal rights and obligations of classes of persons identified in the statute, and that the language of the statute speaks for itself.

49. Zwicker admits the allegations contained in this paragraph.

Responding to Joy's prayer for relief, Zwicker denies that Joy has suffered any damages and denies that she is entitled to any relief. Further answering, Zwicker incorporates by reference its responses to paragraphs 1 through 49 above as if fully set forth herein.

### Second Defense

The Complaint should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.

### Third Defense

Joy's claims are or may be barred by applicable statutes of limitation.

### Fourth Defense

If any violation of any applicable law occurred, which Zwicker denies, such violation was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### Fifth Defense

If Joy has incurred any harm or damages, which Zwicker denies, such harm or damage was caused by Joy herself or by other persons for whose conduct Zwicker is not responsible.

### Sixth Defense

If Joy has incurred any harm or damages, she has failed to take reasonable action to mitigate her alleged damages.

### Seventh Defense

Joy has waived her claims.

### Eighth Defense

Joy is estopped from asserting her claims.

### Ninth Defense

As of this time, Zwicker has not yet had the opportunity to discover facts relevant to Joy's claims or as to other potential defenses to those claims. On that basis, Zwicker reserves its right to seek to amend to assert additional defenses.

WHEREFORE, Zwicker respectfully requests that this Court

1. Enter judgment in Zwicker's favor as to all of Joy's claims;
2. Award Zwicker its attorneys fees and costs incurred in defending this action; and
3. Award Zwicker such other and further relief as this Court may deem just and proper.

Dated: September 2, 2010                                ZWICKER & ASSOCIATES, P.C.

                                                        /s/ Gregory B. Walz
                                                        Gregory B. Walz, #23828
                                                        Andrew S. Lerner
                                                        401 Professional Drive, #150
                                                        Gaithersburg, MD 20879
                                                        (301) 355-7400
                                                        gwalz@zwickerpc.com
                                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2010, I served via first class mail, postage prepaid, a copy of the foregoing to:

Forrest E Mays
2341 N. Forrest Drive, Suite 90
Annapolis, MD 21403
Attorney for Plaintiff

Lemberg & Associates, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 0690
Attorneys for Plaintiff

                                                        /s/ Gregory B. Walz
                                                        Andrew S. Lerner, Esq.
                                                        Gregory B. Walz, Esq.